UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL QUINN and PDQ GROUP, INC.,

       Plaintiffs,

v.                                             Case No: 8:18-cv-1181-T-24 JSS

DERMATECH RESEARCH, LLC, LORI
JACOBUS, and DENNIS YOUNG,

       Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motion for Default Judgment (Doc. No. 40) against the three defaulting defendants in this case. As explained below, the motion is denied without prejudice.

## I. Background

Plaintiffs allege the following in their complaint (Doc. No. 1): Plaintiff Paul Quinn is the sole owner of Plaintiff PDQ Group, Inc. ("PDQ"). (¶ 23). Plaintiffs allege that Quinn and/or his company, PDQ, was hired by Defendant Dermatech Research, LLC ("Dermatech"). (¶ 9–11). Plaintiffs further allege that Quinn began working at Dermatech in August of 2013, where he held the position of Vice President of Sales with a starting salary of $70,000, and he reported to Dermatech executives, Defendants Lori Jacobus and Dennis Young. (¶ 4–5, 11, 14). Plaintiffs allege that after nine months, Quinn's salary increased to $125,000. (¶ 15).

Plaintiffs contend that Defendants stopped paying them wages/amounts due under their contract with Dermatech, and after Quinn complained, Dermatech fired him in August of 2016. (¶ 19-21). As a result, Plaintiffs contend that Defendants owe them over $300,000. (¶ 22). In

support of this contention, Plaintiffs assert seven claims in their complaint: (1) violation of the Fair Labor Standards Act ("FLSA"); (2) retaliation in violation of the FLSA; (3) violation of the Florida Minimum Wage Act; (4) violation of the California Labor Code;[1] (5) breach of contract; (6) unjust enrichment; and (7) breach of fiduciary duties. This Court has federal question subject matter jurisdiction due to the FLSA claims; the Court does not have diversity subject matter jurisdiction over this case.[2] (Doc. No. 7).

Plaintiffs served Defendants, and they did not respond to the complaint. As a result, the Clerk entered default against all three Defendants. (Doc. No. 18, 34, 38).

## II. Motion for Default Judgment

In the instant motion, Plaintiffs seek a judgment of liability on all seven claims. The Court first focuses on the two FLSA claims, which are the source of this Court's jurisdiction over this case. The two FLSA claims are asserted by Quinn against all three Defendants.

In his first FLSA claim, Quinn seeks recovery for minimum wage and overtime violations. However, Quinn has alleged that he was Dermatech's vice president and had a salary of $125,000. The Court has concerns about Quinn's ability to recover for the claimed minimum wage and overtime violations, given that it appears that he may be exempt from such protections based on the exemption set forth in 29 U.S.C. § 213(a)(1). Specifically, 29 U.S.C. § 213(a)(1) provides: "The [minimum wage and overtime] provisions of sections 206 . . . and 207 of this title shall not apply with respect to . . . any employee employed in a bona fide executive, administrative, or professional capacity . . . ." It appears that Quinn is trying to turn his breach of

---

[1]Dermatech is a company with its principal place of business in California.

[2]Plaintiff PDQ is a citizen of California, as are Defendants Jacobus and Young.

2

contract claim into an FLSA claim in order to pursue a judgment against Defendants Jacobus and Young. Plaintiffs will need to re-file their motion for default judgment and better explain why the Court should find in favor of Quinn on this FLSA claim.

In his second FLSA claim, Quinn contends that Defendants violated the anti-retaliation provision of the FLSA. Specifically, 29 U.S.C. § 215(a)(3) makes it unlawful for any person "to discharge . . . [an] employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." While Quinn alleges that he repeatedly demanded payment of back wages owed to him, he does not allege that he complained that the failure to pay him was an FLSA violation. See Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 14 (2011)(stating that "[t]o fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection"). Plaintiffs will need to re-file their motion for default judgment and better explain why the Court should find in favor of Quinn on this FLSA claim.

Additionally, if the Court considers the breach of contract claim, which is asserted by both Plaintiffs against Dermatech, it is unclear which of the plaintiffs would be entitled to relief. The contract attached to the complaint consists of an offer letter containing the Dermatech letterhead addressed to "Paul Quinn, PDQ Group Inc." (Doc. No. 1-2). The letter offers Quinn the position of Senior Vice President of Sales for Dermatech, and it is signed by Dermatech's Chief Marketing Officer, Defendant Jacobus. (Doc. No. 1-2). At the bottom of the letter, Quinn signs the letter on a line which indicates that he is accepting the offer on behalf of PDQ, as its

principal. (Doc. No. 1-2). Finally, Plaintiffs allege in the complaint that Dermatech made payments to PDQ, rather than to Quinn. (Doc. No. 1, ¶ 23). The Court needs more information in order to determine which of the plaintiffs, if either, could be entitled to relief under this breach of contract claim. Plaintiffs need to re-file their motion for default judgment and better explain which plaintiff entered into the contract and which is entitled to relief.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion for Default Judgment (Doc. No. 40) is **DENIED WITHOUT PREJUDICE**. Plaintiffs are directed to file an amended motion for default judgment by *April 26, 2019.*

**DONE AND ORDERED** at Tampa, Florida, this 12th day of April, 2019.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record