UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL QUINN and PDQ GROUP, INC.,

      Plaintiffs,

v.                                           Case No: 8:18-cv-1181-T-24 JSS

DERMATECH RESEARCH, LLC, LORI
JACOBUS, and DENNIS YOUNG,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Lori Jacobus' Motion to Vacate Default. (Doc. No. 48). Plaintiffs oppose the motion. (Doc. No. 49). As explained below, the motion is granted.

**I.  Background**

Plaintiffs allege the following in their complaint (Doc. No. 1): Plaintiff Paul Quinn is the sole owner of Plaintiff PDQ Group, Inc. ("PDQ"). (¶ 23). Defendant Dermatech Research, LLC ("Dermatech") is a beauty-focused technology company. (¶ 3).

Plaintiffs allege that Quinn and/or his company, PDQ, was hired by Dermatech. (¶ 9–11). Plaintiffs further allege that Quinn began working at Dermatech in August of 2013, where he held the position of Vice President of Sales with a starting salary of $70,000, and he reported to Dermatech executives, Defendants Lori Jacobus and Dennis Young. (¶ 4–5, 11, 14). Plaintiffs contend that Defendants stopped paying them wages/amounts due under their contract with Dermatech, and after Quinn complained, Dermatech fired him in August of 2016. (¶ 19-21).

On May 16, 2018, Plaintiffs filed the instant lawsuit. Plaintiffs assert seven claims in

their complaint: (1) violation of the Fair Labor Standards Act ("FLSA"); (2) retaliation in violation of the FLSA; (3) violation of the Florida Minimum Wage Act; (4) violation of the California Labor Code;[1] (5) breach of contract; (6) unjust enrichment; and (7) breach of fiduciary duties. This Court has federal question subject matter jurisdiction due to the FLSA claims; the Court does not have diversity subject matter jurisdiction over this case.[2] (Doc. No. 7).

Plaintiffs served Defendants, and they did not respond to the complaint. With regard to Jacobus, the Proof of Service indicates that she was served on June 14, 2018 at her house by service on Liliana Jara, a co-occupant. (Doc. No. 11). Despite Jacobus' failure to respond, Plaintiffs did not move for entry of default until the Court issued an Order to Show Cause regarding their lack of prosecution on August 21, 2018. (Doc. No. 12). On September 5, 2018, Plaintiffs moved for entry of default against Jacobus, which was entered the next day. (Doc. No. 17, 18).

Also on August 21, 2018, the Court issued an Order to Show Cause to Plaintiffs regarding service on the remaining defendants. (Doc. No. 13). In response, Plaintiffs alluded to the fact that Dermatech was dissolved, and the Court's review of the California Secretary of State's website indicated that Dermatech was dissolved in 2017. (Doc. No. 20). On September 18, 2018, the Court directed Plaintiffs to serve Young and Dermatech via substitute service and to file proof of service by October 5, 2018. (Doc. No. 20). Plaintiffs did not timely comply, and the Court issued another Order to Show Cause regarding their lack of prosecution as to these two defendants. (Doc. No. 21). The Court again extended the deadline to file proof of service on

---

[1] Dermatech is a company with its principal place of business in California.

[2] Plaintiff PDQ is a citizen of California, as are Defendants Jacobus and Young.

Young (until December 7, 2018) and Dermatech (until October 24, 2018).  (Doc. No. 23).

On October 23, 2018, Plaintiffs filed proof of service on Dermatech.  (Doc. No. 26).  Despite Dermatech's failure to respond, Plaintiffs did not move for entry of default.  On December 10, 2018, the Court again issued an Order to Show Cause to Plaintiffs regarding their lack of prosecution as to Dermatech, which resulted in Plaintiffs moving for entry of default against Dermatech on December 14, 2018.  (Doc. No. 27, 30).  Default was entered against Dermatech on December 14, 2018.  (Doc. No. 34).

On December 10, 2018, the Court also issued an Order to Show Cause to Plaintiffs for their failure to comply with the Court's prior order to file proof of service on Young by December 7, 2018.  (Doc. No. 28).  Plaintiffs asked for another extension to serve Young due to Plaintiffs' counsel's serious illness, and the Court extended the deadline to file proof of service on Young until January 25, 2019.  (Doc. No. 31, 33).  Plaintiffs ultimately served Young and moved for entry of default, which was entered on February 11, 2019.  (Doc. No. 35–38).

The Court waited for more than a month for Plaintiffs to move for default judgment against Defendants and then issued an Order regarding their lack of prosecution and directing that they file a motion for default judgment by April 5, 2019.  (Doc. No. 39).  On April 5, 2019, Plaintiffs filed their motion for default judgment, but it was deficient, so the Court denied it without prejudice and directed Plaintiffs to file an amended motion by April 26, 2019.  (Doc. No. 40, 41).  Plaintiffs failed to comply and the Court issued an Order warning that if they did not file a motion for default judgment by May 1, 2019, the Court would dismiss the case.  (Doc. No. 42).  Plaintiffs failed to timely comply, but they filed the motion on May 2, 2019.  (Doc. No. 43).  On May 8, 2019, Jacobus appeared in this case.

## II.  Motion to Vacate Default

Jacobus moves to vacate the default and makes various arguments as to why Plaintiffs' claims against her lack merit.  She alludes to the fact that she was not properly served when service was made on her housekeeper.  She argues that this Court does not have personal jurisdiction over her.  She argues that she was not Plaintiffs' employer (but rather she was a co-employee) and/or that Plaintiffs were independent contractors.  She argues that if Quinn was an employee, he is exempt under the FLSA as a highly paid executive.

As to her failure to respond to the complaint, Jacobus tells the Court that she relied on poor legal advice that she should simply write a letter to Plaintiffs, which she did on June 25, 2018, and to which Plaintiffs never responded.  She acknowledges her failure in following up with Plaintiffs regarding her letter, and she notes that her distraction was exacerbated by a wildfire that destroyed her house and took everything in it in November of 2018.  In mid-April of 2019, she received a copy of Plaintiffs' motion for default judgment in the mail.  Upon receipt, she immediately began looking for a lawyer, who filed a notice of appearance in this case on May 8, 2019.

Given the above, the Court finds that Jacobus' conduct can be described as negligent rather than a willful disregard for this Court.  Furthermore, the Court notes that Plaintiffs were not diligently pursuing their claims during this time.

The Court also finds that Plaintiffs will not be prejudiced by vacating the entry of default against her.  Plaintiffs' claim of prejudice is based on the fact that Jacobus' home was destroyed by the fire, so any evidence contained therein would also be destroyed.  The Court finds that such is not a sufficient showing of prejudice given that Plaintiffs do not identify any specific evidence

that was destroyed or why evidence relating to Plaintiffs' alleged employment would have been located at Jacobus' home.

Finally, the Court agrees that Jacobus has raised potentially meritorious defenses. Even prior to Jacobus' appearance, while this Court was reviewing the motion for default judgment, the Court had questions regarding: (1) the effect of the statute of limitations on Quinn's FLSA claims; (2) the fact that Quinn was paid much more than the minimum wage during most of his time with Dermatech; and (3) Quinn's claim for back pay in connection with his FLSA retaliation claim given that Dermatech appeared to have ceased operations in 2017.

The Court prefers to rule on the merits of claims. Therefore, the Court will grant the motion to vacate the entry of default against Jacobus and terminate the pending motion for default judgment.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant Lori Jacobus' Motion to Vacate Default (Doc. No. 48) is **GRANTED**.

(2) The Clerk is directed to **VACATE** the entry of default against Defendant Jacobus (Doc. No. 18).

(3) The Court **TERMINATES** Plaintiffs' Motion for Default Judgment (Doc. No. 40). Plaintiffs' may re-file the motion for default judgment as to the two remaining defendants after the Court rules on the merits of the claims between Plaintiffs and Jacobus.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of June, 2019.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record