UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL QUINN and PDQ GROUP, INC.,

    Plaintiffs,

v.                                                              Case No: 8:18-cv-1181-T-24 JSS

DERMATECH RESEARCH, LLC, LORI
JACOBUS, and DENNIS YOUNG,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Motion for Leave to Amend. (Doc. No. 62). Defendant Lori Jacobus opposes the motion. (Doc. No. 65). As explained below, the motion is granted.

**I.  Standard of Review**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given when justice so requires. Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." Taylor v. Florida State Fair Authority, 875 F. Supp. 812, 814 (M.D. Fla. 1995)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Since this motion was filed the day after the deadline to move to amend, the motion would normally be analyzed under Federal Rule of Civil Procedure 16(b)(4)'s good cause standard. However, the delay was caused by Plaintiffs' counsel's serious illness, so the Court will review the motion under Rule 15(a)'s standard.

**II. Background**

Plaintiffs filed this case on May 16, 2018. Plaintiff Paul Quinn is the sole owner of Plaintiff PDQ Group, Inc. ("PDQ"). Defendant Dermatech Research, LLC ("Dermatech") is a beauty-focused technology company.

In their complaint (Doc. No. 1), Plaintiffs allege that Quinn and/or his company, PDQ, was hired by Dermatech. Quinn began working at Dermatech in August of 2013, where he held the position of Vice President of Sales with a starting salary of $70,000. Quinn reported to Dermatech executives, Defendants Lori Jacobus and Dennis Young. Quinn's salary was structured to increase to $100,000 after three months, to $120,000 after six months, and to $125,000 after nine months of employment.

Plaintiffs contend that Defendants stopped paying them wages/amounts due under their contract with Dermatech, and after Quinn complained, Dermatech fired him in August of 2016. As a result, Plaintiffs assert seven claims in their complaint: (1) violation of the Fair Labor Standards Act ("FLSA"); (2) retaliation in violation of the FLSA; (3) violation of the Florida Minimum Wage Act ("FMWA"); (4) violation of the California Labor Code;[1] (5) breach of contract; (6) unjust enrichment; and (7) breach of fiduciary duties. This Court has federal question subject matter jurisdiction due to the FLSA claims; the Court does not have diversity subject matter jurisdiction over this case.[2] (Doc. No. 7).

Plaintiffs served Defendants, and Dermatech and Young have not responded to the complaint. As a result, the Clerk entered default against them. (Doc. No. 34, 38). Default was

---

[1] Dermatech is a company with its principal place of business in California.

[2] Plaintiff PDQ is a citizen of California, as are Defendants Jacobus and Young.

initially entered against Jacobus, but she moved to vacate the default and has moved to dismiss the claims against her. (Doc. No. 18, 50, 52). In response to Jacobus' motion to dismiss, Plaintiffs filed the instant motion to amend.

### III. Motion to Amend

Plaintiffs move to amend the complaint in order to assert additional allegations for existing claims, to add three new defendants for which Plaintiffs recently learned of facts to support Plaintiffs' claims against them, and to add two additional claims. Specifically, the proposed amended complaint contains the following nine claims against all six defendants (Dermatech, Young, Jacobus, Hall Simeroth, Kim Wellin, and Scott Davis): (1) violations of the FLSA's minimum wage and overtime provisions; (2) FLSA retaliation; (3) violation of the FMWA; (4) violation of the California Labor Code; (5) breach of contract; (6) unjust enrichment; (7) breach of fiduciary duties; (8) violation of Florida's Deceptive and Unfair Trade Practices Act; and (9) violation of California's unfair competition law.

Jacobus makes many arguments regarding why leave to amend should be denied, all of which this Court rejects. Only the following four arguments require elaboration from the Court.

First, Jacobus argues that Quinn is an independent contractor, and therefore, his FLSA, FMWA, and California Labor Code claims fail. Whether Quinn was an employee or independent contractor is a disputed issue of fact, and therefore, it is not a proper basis for denying a motion to amend these claims.

Second, Jacobus argues that even if Quinn was an employee, she was not Quinn's employer; only Dermatech could be Quinn's employer. The flaw in this argument is that the FLSA uses a broader definition of employer. A corporate officer with operational control of a

corporation is an employer, and the officer is jointly and severally liable with the corporation under the FLSA. See Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1309 (11th Cir. 2013).

Third, Jacobus argues that Quinn is exempt under the FLSA. Whether Quinn is exempt is a disputed issue of fact, and therefore, it is not a proper basis for denying a motion to amend.

Fourth, Jacobus argues that Quinn has not alleged his wage and retaliation claims with enough specificity. The Court finds that the proposed amended claims are pled with sufficient detail to give Defendants fair notice of the claims being asserted against them. Whether Quinn's actual complaints to Defendants regarding the failure to pay him were sufficiently specific enough to support an FLSA retaliation claim is an issue of fact.

The Court finds that leave to amend should be freely given and that Plaintiffs should be allowed to amend their complaint. Therefore, the Court grants their motion to amend.

## IV. Venue

This case is largely tied to California. The Court notes that in her motion to dismiss, Jacobus, a California resident, argues that this Court does not have personal jurisdiction over her. (Doc. No. 52). In response, Plaintiffs argue that this Court does have personal jurisdiction over Jacobus, but they state that they would not object to a transfer of this case to the Central District of California for her convenience. (Doc. No. 59). Additionally, in their original motion to amend, Plaintiffs state that they intend to file a motion to transfer this case to California. (Doc. No. 60). Accordingly, the Court directs Jacobus to file a notice by *August 16, 2019*, regarding whether she consents to transfer of this case to the Central District of California for the convenience of the parties. If Jacobus does not consent, Plaintiffs must file a motion to transfer

4

if they still wish to transfer this case to California.

**V. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiffs' Motion for Leave to Amend (Doc. No. 62) is **GRANTED**.

(2) Plaintiffs are directed to file their amended complaint by *August 16, 2019.*

(3) Jacobus is directed to file a notice by *August 16, 2019* regarding whether she consents to transfer of this case to the Central District of California for the convenience of the parties.

(4) Jacobus' Motion to Dismiss (Doc. No. 52) is **DENIED AS MOOT.**

**DONE AND ORDERED** at Tampa, Florida, this 9th day of August, 2019.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge